820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Curtis SOWELLS, Plaintiff-Appellant,
v.
ROBESON COUNTY SHERIFF DEPARTMENT; Hubert Stone, Defendant-Appellee.
 No. 87-7038.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1987.
Decided June 4, 1987.
 
 Before HALL, SPROUSE and WILKINS, Circuit Judges.
 James Curtis Sowells, appellant pro se.
 Joseph Carl Ward, Jr., Ward, Strickland & Kinlaw, for appellees.
 PER CURIAM:
 
 
 1
 North Carolina inmate James Curtis Sowells appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 suit. Sowells was shot by the manager of a motel that Sowells was attempting to rob. Deputy Burnis Wilkins located Sowells, who had fled the scene, and an ambulance was called. In his complaint, Sowells claimed that his life was endangered because authorities delayed his being taken to a hospital and because he was taken not to a nearby hospital but to one 25 miles away.
 
 
 2
 The district court found that neither Sheriff Stone nor the Robeson County Sheriff's Department was liable. With respect to these defendants, a review of the record and the district court's opinion discloses that this appeal from its order denying relief under 42 U.S.C. Sec. 1983 is without merit. As regards these defendants, because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below on the reasoning of the district court. Sowells v. Robeson County Sheriff Department, C/A No. 85-948-CRT (E.D.N.C., Dec. 1, 1986).
 
 
 3
 On November 3, 1986, one month after Sowells had been notified, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), that defendants had filed a motion for summary judgment, Sowells moved to join as defendants Deputy Wilkins and the two rescue squad employees who Sowells thinks transported him to the hospital. The district judge denied the motion because it was filed at "a point in the proceedings where the benefits of such joinder are outweighed by the effect of postponement of a final decision at the eleventh hour."
 
 
 4
 Courts take a liberal policy towards the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519 (1972). In particular, if a pro se litigant alleges a possibly meritorious cause of action against persons unknown, a district court has a duty to afford the litigant "a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978). In light of the case law, we believe the district court should have permitted the joinder of three persons who are alleged to have been directly involved in the incident complained of.
 
 
 5
 There is no need for a remand, however, because it is clear from the record as it now exists that Sowells does not have a cause of action against Wilkins or any rescue squad member. Sowells's claim is that for one hour officers prevented the rescue squad from taking him to the hospital because they were questioning him. Furthermore, Sowells alleges that his life was jeopardized when the ambulance went to a hospital 25 miles away, rather than to the nearest hospital, located six miles from where Sowells was apprehended.
 
 
 6
 Affidavits and official records filed by defendants indicate that approximately 45 minutes elapsed from the time he was spotted on a road until he arrived at the hospital. Just before 1:15 a.m., a deputy found Sowells, who fled into a field. After apprehending Sowells, Wilkins radioed his dispatcher at 1:18 a.m. and requested an ambulance. By 1:27 a.m. the rescue squad had arrived. By 1:35 a.m., Sowells was being taken to the hospital, and by 1:53 a.m. the dispatcher was told that the hospital was in sight of the police car that was escorting the ambulance.
 
 
 7
 Although Sowells insists that the time period in question was one hour, this is not constitutionally significant. Even if Sowells's version of events is true, we note that he admits that ambulance personnel were with him, administering first aid, for much of this time. Moreover, the decision not to take Sowells to the nearest hospital was made by trained rescue squad personnel. Although the Lumberton, North Carolina hospital was farther away than the Dillon, South Carolina hospital, the Lumberton hospital is better equipped and staffed than the smaller community hospital. The rescue squad transports most of its accident victims to Lumberton.
 
 
 8
 It is clear that there was no deliberate indifference to Sowells's serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976). Sowells's disagreement with medical personnel about where he was taken is of no consequence. See Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975).
 
 
 9
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.