916 F.2d 710
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David A. SUMRALL, Plaintiff-Appellant,
v.
Harry HUGHES, Ex Governor of Maryland; William D. Schafer,
Governor of the State of Maryland, J. Joseph Curran, Jr.,
Attorney General of Maryland, A. Frank Carven, III, Special
Assistant, Mr. Lightfoot, Ex Secretary of Public Safety and
Correctional Services, Arnold J. Hopkins, Marvin N. Robins,
Executive Director, Inmate Grievance Commission, Ralph
Packard, Ex Warden Maryland House of Correction, Captain
Vargo, Captain Hall, Lieutenant Williams, Lieutenant Harris,
Lieutenant Diggs, Lieutenant Robertson, Lieutenant Nolan,
P.H.P. Health Care Corporation, Dr. Gupta, Ann Bell, Nurse,
Physician's Assistant Fisher, Physician's Assistant Bithman,
Nurse Day, Pt. Chesnut, State of Maryland, and its agencies,
State of Maryland, and its agencies of Office of the
Comptroller, Department of Public Safety, Correctional
Services, the Division of Correction, and the Maryland House
of Correction, Frank E. Basil, Inc., Nurse Chavous, Doctor
Sharp, Physician's Assistant Morgan, and other unknown
employees of Frank E. Basil, Inc., Defendants-Appellees.
 No. 89-7210.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 30, 1990.
Decided Oct. 19, 1990.
Rehearing and Rehearing In Banc Denied Nov. 26, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Clarence E. Goetz, United States Magistrate. (CA-88-3580-B; CA-89-410-B)
 David A. Sumrall, appellant pro se.
 Maureen Mullen Dove, Office of the Attorney General of Maryland, Baltimore, Md., Paul T. Cuzmanes, Wilson, Elser, Moskowitz, Edelman & Dicker, Washington, D.C., for appellees.
 D.Md.
 AFFIRMED.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 David A. Sumrall appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Sumrall alleges that he did not receive treatment for a broken wrist from April 1985 until February 1987. While a cursory review of the parties' pleadings and submissions suggests that this may not have been an appropriate case for summary judgment dismissal, a closer examination reveals that the case falls short of the Sec. 1983 standard of deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 2
 Sumrall submitted excerpts of orthopedic texts describing his injury and the appropriate course of treatment.[1] These texts state that fresh fractures of the scaphoid (navicular of the carpus or tarsus, which is the bone that Sumrall broke) are fine hairline cracks. These fractures are often overlooked[2] and the injury to the wrist is often diagnosed as a sprain, as in Sumrall's case. Failure to diagnose and treat the condition within the first few weeks results in non-union of the fracture, for which the only corrective option is surgery. These texts recommended surgery only in certain cases since the symptoms can often be tolerated well in sedentary occupations.
 
 
 3
 The initial failure to diagnose Sumrall's fracture thus amounted to, at most, negligence. Once the fracture was diagnosed the decision of whether and when to go ahead with the surgery was a matter of medical judgment. Sumrall's bones joined well following the surgery, and he suffers only a minor decrease in flexion, which, according to the orthopedic texts, is common to all cases of scaphoid fractures that are not immobilized within the first few weeks of injury. Because Sumrall's claims thus amount to no more than claims of negligence or disagreements with his doctors as to the appropriate course of care, defendants are entitled to judgment as a matter of law.[3] See Estelle, 429 U.S. 97; Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975).
 
 
 4
 Because the record supports the district court's summary judgment dismissal, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Campbell's Operative Orthopaedics (A.H. Crenshaw 7th ed.); Orthopaedics: Principles and Their Application (4th ed.)
 
 
 [2]
 One of these manuals estimates that scaphoid fractures are undiagnosed in 40% of fresh fractures
 
 
 [3]
 The district court noted that one of the defendant health care providers, Frank E. Basil, Inc., its employees, and several defendant correctional officers had not been served. The allegation against these health care defendants is that they did not diagnose, and therefore did not treat, his wrist fracture from April 1985 until defendant PHP Corporation became the contract health care provider in June 1986. Because the record reveals that Sumrall's injury was of a type that is frequently undiagnosed and that the resulting wrist condition may not be serious enough to warrant surgical correction, his argument is reduced to a claim of negligence. Therefore, we find that Sumrall would have no arguable basis, either in fact or in law, upon which to pursue these claims. See Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882). Accordingly, there was no abuse of discretion in dismissing as to these unserved defendants. See White v. White, 886 F.2d 721 (4th Cir.1989)