934 F.2d 321
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Duke WOODLEY, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS, Dr. Harris, Unit Doctor, Dr.
Frye, Chief Physician, R. Kelly, Warden,
Defendants-Appellees.
 No. 90-6396.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 16, 1990.
Decided June 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-90-139-R)
 Duke Woodley, appellant pro se.
 Edward Meade Macon, McGuire, Woods, Battle & Boothe, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Duke Woodley, a Virginia prisoner, brought this 42 U.S.C. Sec. 1983 action alleging that prison officials were deliberately indifferent to his serious medical needs, that the prison lacked rehabilitation programs, and that he was placed in segregation in retaliation for filing grievances. He named as defendants Dr. Alvin E. Harris, Dr. Robert W. Frye, Warden Robert R. Kelly, and the Department of Corrections.
 
 
 2
 On March 14, 1990, the district court ordered Woodley to present evidence that he had exhausted his administrative remedies within 90 days. On April 3, 1990, Woodley submitted evidence that he had exhausted his deliberate indifference claim, but presented no evidence regarding his other claims. The district court dismissed his rehabilitation and segregation claims without prejudice for failure to exhaust his state remedies on April 18, 1990, after Woodley submitted evidence of exhaustion of his deliberate indifference claim but before 90 days had expired.
 
 
 3
 In support of his deliberate indifference claim, Woodley alleged that he suffered constant back pain for which he did not receive adequate treatment; doctors who examined him attributed the pain to degenerative disk disease and previous back surgery. He did not, however, allege that any of the defendants were personally involved in the denial of treatment.[1] Further, the responses to his grievances reflect that he was uncooperative when being examined by doctors, that he failed to take medication that was prescribed for him, and that he failed to seek medical attention on a regular basis.
 
 
 4
 Defendants Frye, Harris, and Kelly all moved for dismissal or summary judgment because of Woodley's failure to allege that they were personally involved in the actions forming the basis of his claims. Further, the Department of Corrections moved for summary judgment because it was not a person within the meaning of 42 U.S.C. Sec. 1983, and therefore could not be liable. The district court granted the defendants' motions for summary judgment. Woodley appealed.
 
 DELIBERATE INDIFFERENCE
 
 5
 The district court noted that Woodley did not allege that any of the defendants were personally responsible for the claimed deliberate indifference to his medical needs. If Woodley's failure to specify the involvement of the defendants in his complaint means that he has not alleged personal responsibility, then the defendants could not be liable under Sec. 1983. Vinnedge v. Gibbs, 550 F.2d 926 (1977). However, Woodley did submit copies of his grievances and their responses, which show that defendants Harris and Frye provided him with medical treatment. Construing these submissions liberally, Haines v. Kerner, 404 U.S. 519 (1972), Woodley's pleadings may have been sufficient to state an allegation of personal involvement of Harris and Frye.
 
 
 6
 Even if Woodley alleged these defendants' personal involvement, though, his deliberate indifference claim is without merit. Woodley disagreed with the treatment given to him by Frye and Harris, but such disagreements do not form a basis for a deliberate indifference claim. Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975). Therefore, we affirm the grant of summary judgment in favor of the defendants on the deliberate indifference claim.
 
 REHABILITATION AND SEGREGATION
 
 7
 The district court erred, however, in dismissing the rehabilitation and segregation claims for failure to exhaust administrative remedies. The order to show exhaustion gave Woodley until June 12, 1990, to demonstrate exhaustion, but the court dismissed these two claims on April 18 because Woodley had, at that time, demonstrated exhaustion on only one of his claims.
 
 A. Rehabilitation
 
 8
 The district court's error in dismissing the rehabilitation claim was harmless in that prisoners have no right to be rehabilitated. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Battle v. Anderson, 564 F.2d 388, 403 (10th Cir.1977). Therefore, that claim could have been dismissed under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319 (1989). The district court's order dismissing that claim is affirmed.
 
 B. Segregation
 
 9
 Woodley's allegation that he was put into segregation in retaliation for filing grievances may state a claim. See Howard v. Smyth, 365 F.2d 428 (4th Cir.) (prisoners cannot be subjected to arbitrary punishment by prison officials), cert. denied, 385 U.S. 988 (1966). Because this possibly meritorious claim was dismissed prematurely, the district court's order dismissing the segregation claim is vacated and the case is remanded for further proceedings on this claim.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 Although Woodley did not specify any personal involvement of the defendants in his complaint, the administrative grievance materials submitted by him reflect that he was treated by both Dr. Harris and Dr. Frye