**Albert RUSSELL, Appellant,**

v.

**C. C. SHEFFER, Superintendent Botetourt Correctional Unit,**

**and**

**Carolyn Maupin, L.P.N., Botetourt Correctional Unit, Appellees.**

No. 75–1423.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 24, 1975.

Decided Dec. 19, 1975.

Albert Russell, appellant pro se.

Stuart Bateman, Asst. Atty. Gen., for appellee.

Before RUSSELL, FIELD, and WIDENER, Circuit Judges.

PER CURIAM:

Albert Russell instituted an action pursuant to 42 U.S.C. § 1983, claiming that he was being denied adequate medical treatment while incarcerated at Botetourt Correctional Field Unit. The District Court, on the basis of affidavits and exhibits, granted summary judgment for the defendants. We affirm.

Prisoners are entitled to reasonable medical care. *Blanks v. Cunningham,* 409 F.2d 220 (4th Cir. 1969); *Hirons v. Director,* 351 F.2d 613 (4th Cir. 1965). However, mistreatment or nontreatment must be capable of characterization as "cruel and unusual punishment" in order to present a colorable claim under § 1983. *Gittlemacker v.*

*Prasse,* 428 F.2d 1, 6 (3rd Cir. 1970). The prisoner's allegations must reach constitutional dimension before a federal court will interfere with the internal operations of a state penal facility. *Hirons v. Director,* 351 F.2d 613 (4th Cir. 1965).

 Russell's claims do not rise to this level. The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review. *Shields v. Kunkel,* 442 F.2d 409 (9th Cir. 1971).

Accordingly, the judgment of the District Court is affirmed.