Leon RIDDICK

v.

G.L. BASS, Warden, et al.

Civ. A. No. 83–0699–R.

United States District Court,
E.D. Virginia,
Richmond Division.

June 5, 1984.

Leon Riddick, pro se.

Guy W. Horsley, Jr., Asst. Atty. Gen., Richmond, Va., for defendants.

## OPINION AND ORDER

WARRINER, District Judge.

Plaintiff, proceeding *pro se*, and *in forma pauperis*, filed this complaint pursuant to 42 U.S.C. § 1983 on 16 November 1983. Defendants filed a motion for summary judgment on 5 March. Plaintiff was notified of an opportunity to respond on 13 March which he did on 19 March. The motion is now ripe for consideration. The Court has jurisdiction under 28 U.S.C. § 1343.

Plaintiff alleges that he has been denied adequate medical treatment in that he was prescribed a low sodium diet by a physician on 5 January 1983 and that he has never been provided that diet. Defendants admit that a low sodium diet was prescribed for plaintiff by a physician on 5 January 1983, and allege that plaintiff received this diet until 26 January 1984, at which time a physician determined that plaintiff no longer required this treatment. Saunders Affidavit at 1–2.

 To state a constitutional claim, and therefore satisfy the jurisdictional mandates of 42 U.S.C. § 1983, plaintiff must show a deliberate indifference to serious medical needs which constitute unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104–105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) citing *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958).[1] A disagreement with the medical judgment regarding the treatment of medical ailments by an inmate does not state a constitutional claim unless exceptional circumstances are shown. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975); *Gittlemacher v. Prasse*, 428 F.2d 1, 6 (3rd Cir.1970).

 Plaintiff does not deny that on 26 January 1984 a physician determined that he no longer required a low sodium diet for the treatment of his high blood pressure.

---

1. The Supreme Court stated in *Estelle*, that indifference to serious medical needs may offend 'evolving standards of decency' in violation of the Eighth Amendment. 429 U.S. at 106, 97 S.Ct. at 292. I have never understood why the phrase "evolving standards of decency" has been an appropriate concept within the framework of our law and society. If our government were an authoritarian one, or if it were a monarchy, evolving concepts could only be recognized either by judicial declaration or by edict. Within a republic, however, evolving notions are to be manifest in the law as the people through their elected representatives decide. For a judge to deem himself able to determine for the people what their concepts of decency are is reminiscent of, if not the functional equivalent of, a monarchy.

Plaintiff's allegations with regard to the time period from 26 January 1984 to the present amount to nothing more than a difference of opinion between plaintiff and defendants. As plaintiff has not shown exceptional circumstances which might raise this difference of opinion to a constitutional level, his claim is without merit. Defendants' motion for summary judgment is GRANTED as to this aspect of plaintiff's claim.

As to the time period of 5 January 1983 through 26 January 1984, however, plaintiff survives defendants' motion for summary judgment. Defendants admit that during this period a physician determined that a low sodium diet was necessary for the treatment of plaintiff's high blood pressure. As plaintiff and defendants dispute whether plaintiff was actually provided this diet from 5 January 1983 to 26 January 1984, a genuine issue of material fact remains.

Accordingly, this action is hereby REFERRED to the United States Magistrate for a determination on the basis of an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B).

And it is so ORDERED.