Robert E. SMITH, Plaintiff,

v.

Larry HUFFMAN, Warden; and Rita
Handly, Chief Nurse, Defendants.

Civ. A. No. 86–0102–H.

United States District Court,
W.D. Virginia,
Harrisonburg Division.

Aug. 19, 1987.

Robert E. Smith, pro se.

Alan Katz, Asst. Atty. Gen., Office of the Atty. Gen., Mary Sue Terry, Richmond, Va., for defendants.

MICHAEL, Jr., District Judge.

Robert E. Smith, a Virginia inmate proceeding *pro se*, filed this action under the Civil Rights Act, 42 U.S.C. § 1983, for violation of his Eighth Amendment right to protection from cruel and unusual punishment. Plaintiff alleges that on August 25, 1986 he went to the medical department at the Staunton Correctional Center to discuss his medical problems with Nurse Handly. Plaintiff alleges that she started reading bizarre things out of his file and that she refused to take charge and correct the problem. Plaintiff alleges that he has talked to Warden Huffman on numerous occasions about this matter and that he was told that he would get proper medical care. However, plaintiff alleges that Huffman has shown deliberate indifference. Plaintiff seeks compensatory and punitive damages and injunctive relief.

Defendants, through their respective counsel, have submitted affidavits, memoranda and other relevant evidence, including copies of plaintiff's medical records, and have moved for summary judgment. Plaintiff was given notice of this motion and was given an opportunity to respond by submitting counter-affidavits and other relevant evidence to contradict, explain or void defendants' evidence. Plaintiff was warned that failure to so respond may, if appropriate, result in summary judgment being granted in favor of defendants. Plaintiff has submitted affidavits and a response to defendants' motions. This action is ripe for consideration.

Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from the facts, in a light more favorable to the nonmoving party and must determine whether there is a genuine issue of material fact in dispute. *See Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for sum-

mary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986) (emphasis in original).

In order to state a cause of action under 42 U.S.C. § 1983, plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *See Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Assuming plaintiff established deprivation of a constitutionally protected right, it must be evident that the defendants named in the action directly engaged in the conduct which violated plaintiff's rights. Liability generally may not be imposed upon defendants under the doctrine of *respondeat superior* in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977).

Deliberate indifference to a prisoner's serious medical needs constitutes "unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In order to state a claim, plaintiff must therefore show that he had a serious medical need, that defendants were deliberately indifferent to that need and that defendants were acting under color of some rule or established policy, custom, or practice in rendering medical treatment.

The record shows that plaintiff disputes a single notation in his medical record. The entry dated August 11, 1986 was made by Wayne Rankin, Physician's Assistant, and states that plaintiff was seen for a complaint of injury to his right ankle sustained when he "fell hitting against commode." A few days later, plaintiff was seen by Nurse Handly who asked him about his ankle. Plaintiff told Handly that he never injured his ankle nor was he seen for treatment on August 11 and that she must have him confused with another inmate.

Plaintiff alleges that Warden Huffman requested to see him about this matter at warden's call and that during the meeting Huffman was only interested in obtaining more specifics as to what matters he believed were incorrect in his medical file. Plaintiff avers that since this meeting, defendants have taken the liberty deliberately to alter his medical records by changing the entire page that plaintiff had informed them was incorrect. Plaintiff contends that defendants have knowingly, wantonly and deliberately changed that page in an effort to cover up their mistake. Plaintiff alleges that there are "fortunately" other mistakes in his medical file and that he will not discuss these at this time.

■ It is clear to the court that plaintiff's allegations fail to rise to a level of constitutional significance. The medical records show that plaintiff was frequently seen and treated by the medical staff at Staunton. Plaintiff has not alleged that he has been denied treatment. Although he complained that he wanted to receive Valium for his nerves rather than Inderal which was prescribed before he arrived at Staunton, this fails to state a claim under § 1983. *See Russell v. Sheffer*, 528 F.2d 318 (4th Cir.1975) (no claim is stated by disagreement by inmate with physician's treatment). Plaintiff's allegation concerning the allegedly incorrect entry in his record also fails to state a claim. Assuming that this entry is incorrect, it appears that it caused plaintiff no harm or inconvenience, and it has nothing to do with his ongoing treatment for sinus problems and his nervous condition. Furthermore, assuming that plaintiff did not injure his ankle, it may reasonably be inferred that this entry was due to mistake or inadvertence. Such conduct under the circumstances does not state a claim under § 1983.

The court notes that plaintiff has alleged that the records were changed to correct this mistaken entry. Although the court has no evidence to support this allegation, it will be taken as true. That defendants considered plaintiff's complaints about mistaken information in his medical records and took corrective action shows that defendants were concerned with plaintiff's best interests. Assuming that the mistaken entry was corrected, plaintiff's medical record is now more accurate. It is ironic that plaintiff would complain about his medical records being corrected when this could be the type of injunctive relief the court would grant.

The court finds that the allegations do not establish a claim of constitutional significance under § 1983 and that summary judgment should be granted in favor of defendants for this reason.

■ Additionally, the court finds that plaintiff has failed to show that defendants were acting under color of state law in responding to his medical complaints.

The Fourth Circuit recently in *West v. Atkins*, 815 F.2d 993 (1987), reaffirmed the principle that "[t]he professional obligations and functions of a private physician establish that such a physician does not act under color of state law when providing medical services to inmates" (quoting *Calvert v. Sharp*, 748 F.2d 861, 863 (4th Cir. 1984). In both cases, the court emphasized the point that even if the professionals were full-time employees of the state, they do not act under color of state law when they exercise their professional discretion and judgment. As noted by the court in *West*, the primary consideration in determining if the professional acted under color of state law is the professional's function. Plaintiff would have to prove "that the employment relationship created such an overbearing environment that the *exercise of independent professional judgment* was impossible. *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1982) (emphasis added)).

Nurse Handly is a licensed Registered Nurse in Virginia and a full-time employee of the Department of Corrections. She acts as the Head Nurse at Staunton in providing nursing care to the inmates. Nurse Handly screens inmate complaints, treats the minor complaints, and refers inmates to the physician when necessary. Handly states that she has no custodial or supervisory duties regarding inmates, and that she exercises her own medical judg-

ment when treating inmates. Under these circumstances, Nurse Handly is clearly a "professional" and a full-time state employee.

Plaintiff has failed to show that defendant Handly's exercise of independent medical judgment is hindered or compromised by the Department of Corrections. Plaintiff has not shown that defendant Handly's medical judgment cannot be freely exercised due to her employment relationship. The court will not make such an assumption under the circumstances presented in this action. Therefore, the court finds that plaintiff has not shown that defendant Handly was acting under color of state law when she responded to plaintiff's medical complaints.

■ Because plaintiff has not shown that Handly was acting under color of state law or that her actions violated his constitutional rights, plaintiff's claims against defendant Handly must fall. As to defendant Huffman, plaintiff has failed to show that Huffman was deliberately indifferent to his medical needs. In fact, his allegations show that Huffman made efforts to find out what were plaintiff's complaints. Defendant Huffman contends that he relies on the medical personnel and does not substitute his own judgment for their professional opinions regarding an inmate's condition. Plaintiff has failed to show that defendant Huffman acted indifferently or unreasonably with respect to his complaints about his records. Plaintiff's claims against defendant Huffman fail to state a cognizable claim under § 1983.

In conclusion, the court finds that plaintiff's allegations fail to rise to a level of constitutional significance and that defendants are entitled to summary judgment as a matter of law.

An appropriate Order shall be issued.