838 F.2d 469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry WADE, Plaintiff-Appellant,
v.
I.W. ROSE; Dr. Wright; Jim Vaughn, Defendants-Appellees.
 No. 87-7709.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 29, 1987.
Decided: Jan. 19, 1988.
 
 Larry Wade, pro se.
 Gail Weis, Office of the Attorney General of North Carolina, for appellees.
 Before DONALD RUSSELL, K.K. HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Wade, a North Carolina inmate, brought this action pursuant to 42 U.S.C. Sec. 1983 alleging that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. The crux of his complaint is that the defendants refused to operate on him unless he first consented to the possibility of a blood transfusion, even though defendants were aware that he was a Jehovah's Witness and that such consent would violate his religious principles. Wade claims he should not have been forced to choose between having the operations or violating his religious beliefs because there were other methods of performing the surgery which would not have required blood transfusion. Wade argues that the failure of the doctors to pursue these alternative courses of treatment states a claim under Sec. 1983.
 
 
 2
 We disagree. In order to state a claim for inadequate medical treatment under Sec. 1983 the plaintiff must show the defendants exhibited deliberate indifference to the inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). This, Wade has failed to do. At most, the record shows that Wade and the defendants disagreed over the proper course of treatment for this condition. Though Wade was willing to accept the risk of surgery performed without the possibility of transfusion, his physicians were not. In their medical opinion, they believed it was simply too dangerous to attempt the surgery unless Wade consented to a possible transfusion. It is not the function of this Court to second guess the good faith medical judgments made by physicians concerning the treatment of inmates. Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975); Layne v. Vinzant, 657 F.2d 468 (1st Cir.1981). While it is unfortunate that the physicians' course of action proved unsatisfactory to Wade, disagreements between inmate and physician over treatment do not state a claim under Sec. 1983. Russell, 528 F.2d at 319. The record indicates that, far from being deliberately indifferent, the defendants have provided Wade with a high degree of care and attention. For this reason, we agree with the district court that Wade has failed to show that he has been deprived of a constitutionally guaranteed right as required by Sec. 1983.
 
 
 3
 It is also worth noting that Wade has not shown that either of the physician/defendants, Dr. I.W. Rose and Dr. J.R. Wright, acted under color of state law. This Court has held that prison physicians, whether they are independent contractors or full time state employees, do not act under color of state law "when acting within the bounds of traditional discretion and judgment." West v. Atkins, 815 F.2d 993, 995 (4th Cir.1986) (en banc), cert. granted, 56 U.S.L.W. 3288 (U.S. Oct. 19, 1987) (No. 87-5096). See also Calvert v. Sharp, 748 F.2d 861 (4th Cir.1985), cert. denied, 471 U.S. 1132 (1985). Wade has not alleged that either Rose or Wright, who are both private physicians under contract to provide medical services for the Department of Corrections, acted in anything but a professional capacity and, therefore, he has failed to state a claim under Sec. 1983.
 
 
 4
 Similarly, Wade has failed to state a claim against the final defendant, James Vaughn, a physician's assistant. Vaughn had no authority to decide whether or not Wade was to undergo the proposed surgery. Because he has no personal involvement in the wrong complained of, Vaughn is not subject to Wade's Sec. 1983 claim. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977).
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court granting the defendants' motion for summary judgment and dismissing the complaint.
 
 
 6
 AFFIRMED.