924 F.2d 1051
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael A. COKLEY, Plaintiff-Appellant,
v.
W.J. TOWNLEY; G.W. Ford; William Henceroth; Joyce Tuck;
Stephen Ford; L.E. Cole; D. Miller; C.
Averette; D.J. Muron; S.M. Gonzalez;
J.I. Martin, Defendants-Appellees.
 No. 90-6826.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 25, 1990.
Decided Feb. 11, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-89-734-R)
 Michael A. Cokley, appellant pro se.
 William W. Muse, Assistant Attorney General, Edward Meade Macon, McGuire, Woods, Battle & Boothe, Karen Ann Gould, Crews & Hancock, Francis Edmund Telegadas, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Va., for appellees.
 W.D.VA.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before CHAPMAN, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael A. Cokley, a Virginia prisoner proceeding pro se, appeals from the district court's order denying relief on his complaint under 42 U.S.C. Sec. 1983 in which he alleged that he received inadequate medical attention for a broken hand. We affirm the district court's order in part and vacate and remand in part for further proceedings in accord with this opinion.
 
 
 2
 Cokley broke his hand while playing softball on a Friday afternoon. He complained about his injury to defendant G.W. Ford, who apparently telephoned the unit nurse and was instructed to give Cokley ice for his hand to reduce swelling.* According to Cokley, his complaints of pain and requests for medical assistance throughout the weekend were ignored. The parties agree that Cokley was not actually seen by any medical personnel for his injury until he was taken to a hospital emergency room on Monday.
 
 
 3
 We affirm that portion of the district court's order dismissing defendant Tuck pursuant to Fed.R.Civ.P. 4(j). We also affirm that portion of the order which dismissed the action against defendant Townley, the prison warden and superintendent. Townley's undisputed affidavit states that he does not have primary responsibility for reviewing medical claims. Furthermore, Cokley failed to allege any direct involvement by Townley. The doctrine of respondeat superior generally is inapplicable to Sec. 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).
 
 
 4
 Deliberate indifference to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citations omitted). This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Id. Delay in providing treatment does not violate the eighth amendment, however, unless the gravity of the injury is apparent. Cooper v. Dyke, 814 F.2d 941 (4th Cir.1987).
 
 
 5
 To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. See Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986). Mere negligence or malpractice does not violate the eighth amendment. See Estelle, 429 U.S. at 106. Neither is a claim stated by alleged disagreements between the inmate and the treating physician. Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975).
 
 
 6
 Defendants Henceroth, Muron, and Gonzalez are doctors who at some point treated Cokley's hand. The district court properly granted summary judgment as to these three defendants because the undisputed affidavits indicate that the physicians were not deliberately indifferent to Cokley's serious medical needs. At most, the affidavits and Cokley's complaint suggest that there may have been some disagreement concerning treatment of the hand, but such disagreements are not actionable under Sec. 1983. See Russell v. Sheffer, supra. Even if the doctors' conduct rose to the level of medical malpractice or negligence such claims are not cognizable under Sec. 1983. Estelle, 429 U.S. at 106. We therefore affirm the portion of the district court's order which granted summary judgment as to the three physicians.
 
 
 7
 The remaining defendants are five correctional officers. A summary judgment motion was filed by counsel on behalf of all of the officers, but only G.W. Ford submitted an affidavit. Other than disputing when he first learned of the injury, Ford's affidavit concurs with Cokley's allegations in that he states that after learning of the injury he called the nurse and followed her instructions to give Cokley ice. He also acknowledges that Cokley was not taken to the hospital until Monday. As for the remaining defendants, Stephen Ford, Miller, Averette and Martin, Cokley alleges that Averette did not take him to the hospital emergency room until ordered to do so by Ford three days after his injury, and that the others ignored his complaints of continued pain before and after treatment of the hand had begun. Since Cokley has not alleged sufficient facts to support his allegations of deliberate indifference to his serious medical needs against Stephen Ford, Miller, Averette, and Martin, we affirm the district court's summary judgment as to them.
 
 
 8
 In Loe v. Armistead, 582 F.2d 1291 (4th Cir.1978), this Court held that dismissal under Rule 12(b)(6) was inappropriate in a Sec. 1983 action in which a prisoner was not treated for a broken arm for 22 hours. This Court stated that "[t]he unusual length of the delay provides a reasonable basis for the inference that there was deliberate indifference to Loe's serious medical needs either on the part of some or all of the state defendants, or, if the marshals were notified as Loe alleged, in their failure to take Loe to a hospital where prompter medical attention was available." Id. at 1296.
 
 
 9
 Resolving all issues of disputed fact in Cokley's favor, as we must do at this stage of the proceedings, the record establishes that Cokley first notified defendant G.W. Ford of his injury on Friday afternoon. Ford, after consulting by telephone with the unit nurse, told Cokley to keep his broken hand on ice. Cokley's continued complaints of pain were ignored by Ford. Cokley received no medical attention for his injury until Monday, when the hand was x-rayed and found to be broken.
 
 
 10
 Because these facts are sufficient to create a genuine issue concerning whether G.W. Ford was deliberately indifferent to Cokley's serious medical needs, we vacate the entry of summary judgment in favor of G.W. Ford and remand the case to the district court for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, VACATED IN PART AND REMANDED
 
 
 *
 The parties dispute when Ford was first told of the injury. Ford contends that his shift had ended before the injury occurred on Friday and he did not learn about the injury until Saturday. Cokley counters that Ford was required to work late that Friday and was told of the injury at that time