979 F.2d 849
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alford N. WALKER, Plaintiff-Appellant,
v.
Dr. HERSHEY; Judy Pellitier; Ruth Johnson; Diane Dunn;
Mrs. Wagoner; Unknown Nurses, Defendants-Appellees.
 No. 92-6526.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 30, 1992
Decided: November 19, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 Alford N. Walker, Appellant Pro Se.
 Carlyle Randolph Wimbish, III, Sands, Anderson, Marks & Miller, Richmond, Virginia, for Appellees.
 W.D.Va.
 VACATED AND REMANDED.
 Before PHILLIPS, MURNAGHAN, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alford N. Walker, an inmate at the Buckingham Correctional Center, appeals from the district court's order denying relief under 42 U.S.C. § 1983 (1988). Walker alleges that Defendants were deliberately indifferent to his serious medical needs when he eventually required surgery for a brain tumor after receiving ineffective treatment for his complaints of headaches, dizziness, and vomiting. Because Walker may have been denied full discovery of all of his medical records before the court granted summary judgment to Defendants, we vacate and remand the district court's dismissal for further proceedings.
 
 
 2
 Medical records from the prison disclose that Walker reported to the infirmary with complaints of throbbing headaches, blurred and double vision, dizziness, and vomiting beginning in January 1990 and continuing through March 1991. Walker was diagnosed as having sinusitis and received prescriptions for Chloratrimaton, Tylenol, Maalox, Emetrol, Bactrim, Motrin, and Antivert. He also received eyeglasses. Dr. Hershey states in his affidavit that his neurological examinations of Walker were normal.
 
 
 3
 On March 5, 1991, Walker was admitted to the infirmary with complaints of dizziness, headaches, and constipation; he was prescribed Tylenol and a laxative. On March 11, Walker was sent to the Medical College of Virginia ("MCV"), where doctors discovered he was suffering from a brain tumor. Walker underwent surgery twice for the tumor and he alleges that he received radiation therapy daily through June 1991 because MCV doctors were unable to remove all of the tumor.
 
 
 4
 Walker alleges that prison medical personnel were deliberately indifferent to his serious medical needs because they disregarded recognizable signs of a brain tumor. He asserts that because of the Defendants' deliberate indifference, he experienced prolonged periods of pain, and the tumor increased in size to such a degree that it could not be fully removed. He continues that had Defendants diagnosed the tumor earlier, it could have been treated more effectively, he would have endured less pain, and he would not have had to undergo radiation therapy.
 
 
 5
 Walker submitted no medical evidence supporting those assertions but did try to get his complete medical records on several occasions. However, the court denied Walker's first request for discovery of all of his medical records because he had not served Defendants. Walker moved for production of documents again and this time served Defendants. Neither the court nor Defendants ever addressed the motion.
 
 
 6
 Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97 (1976), but questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-06, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).
 
 
 7
 However, an unusually long delay between the emergence of a serious medical need and treatment of that need may provide a reasonable basis for an inference of deliberate indifference. Loe v. Armistead, 582 F.2d 1291, 1296 (4th Cir. 1978), cert. denied, 446 U.S. 928 (1980). Prison officials' intentional denial or delay of access to medical care states a claim, but delay in providing treatment does not violate the Eighth Amendment unless the gravity of the injury is apparent. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987); Sosebee, 797 F.2d at 182. Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). The defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. Id.; Mitchell v. Aluisi, 872 F.2d 577 (4th Cir. 1989).
 
 
 8
 Summary judgment may only be entered after "adequate time for discovery." Celotex, 477 U.S. at 322; Temkin v. Frederick County Comm'rs, 945 F.2d 716, 719 (4th Cir. 1991). Under Fed. R. Civ. P. 56(f), a summary judgment motion may be denied, or the hearing on the motion continued, if the nonmoving party has not had an opportunity to make full discovery. 477 U.S. at 326. The requirement that the nonmoving party respond specifically to a summary judgment motion is qualified by the rule's provision that"summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986).
 
 
 9
 Walker repeatedly requested from the court and Defendants his complete medical records from May 1990 to June 1991. Although his pleadings disclose that he received records of his treatment at the correctional center, the record contains no information concerning the diagnosis and treatment of Walker's brain tumor at MCV. This information, which is in the exclusive possession of Defendants, could present an issue of material fact that would preclude summary judgment since it could support Walker's claim that delay in diagnosis of his brain tumor constituted reckless disregard of a serious medical need.
 
 
 10
 We intimate no view on the district court's assessment of the evidence. We hold only that, under these circumstances, the evidence sought by Walker could be essential to his claim and that Walker is entitled to discovery of that information. We therefore vacate the district court's order granting summary judgment to Defendants and remand to the district court so that Walker may be permitted discovery of his MCV medical records. After discovery is completed, the parties may renew motions for summary judgment with the supplemental information. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED