989 F.2d 491
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Leon BUCKNER, Plaintiff-Appellant,
v.
WARDEN, EASTERN CORRECTIONAL INSTITUTION; Commissioner of
Correction; William Donald Schaeffer Governor; Lloyd
Gatherum, Medical Department Supervisor; Correctional
Medical Systems, Incorporated, Defendants-Appellees.
 No. 92-6228.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 4, 1992
Decided: March 9, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-91-2362-R)
 Julie Uebler, Student Counsel, Appellate Litigation Clinical Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant.
 Aron Uri Raskas, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Medical Appellees.
 Audrey J.S. Carrion, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for State Appellees.
 Steven H. Goldblatt, Director, David B. Goodhand, Supervising Attorney, Heidi A. Sorensen, Student Counsel, Appellate Litigation Clinical Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant.
 Philip M. Andrews, KRAMON & GRAHAM, P.A., Baltimore, Maryland, for Medical Appellees.
 J. Joseph Curran, Jr., Attorney General of Maryland, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for State Appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, HALL, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Leon Buckner, an inmate at Eastern Correctional Institution (ECI) in Somerset County, Maryland, sued various state officials under 42 U.S.C. § 1983, alleging they had been deliberately indifferent to his medical needs, denying him medical care in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97 (1976). In particular he alleged, "I need corrective surgery on my lower lip very bad. The M.D. (Dr. Sohr) here at ECI has said that this [is] 'elective' surgery and that I only want it for cosmetic reasons. On the contrary, the greater portion of my lower lip is missing because of an [automobile] accident in July 1991 and when I eat food falls back out of my mouth and it is hard for me to speak and/or articulate." He seeks injunctive relief to require reconstructive surgery and damages.
 
 
 2
 On the defendants' motion for summary judgment, the district court entered judgment for them, concluding that Buckner failed to show deliberate indifference to his medical needs. The court pointed out that the record establishes a "high level of involvement" by health care providers and that the action taken by the health care providers was "neither grossly incompetent [n]or inadequate, nor was the treatment provided shocking to the conscience or intolerable to fundamental fairness."
 
 
 3
 Having reviewed the record carefully, de novo, we conclude that, while Buckner has established satisfactorily a continued need for treatment of a medical condition that existed before he entered prison, he has not demonstrated that the defendants' response was in any sense deliberately indifferent. The record establishes quite the contrary.
 
 
 4
 As the result of an automobile accident on July 11, 1990, Buckner sustained extensive facial injuries for which he was admitted to Prince George's Hospital Center. When he was discharged two weeks later, he had undergone plastic surgery to repair substantial facial lacerations, including lacerations extending into his lip. No evidence was presented that he sought any further medical treatment, however, until late December after he had been convicted of theft and committed to ECI-a period of some five months.
 
 
 5
 After he entered into the custody of the Maryland Division of Corrections on December 7, Buckner submitted a sick-call request, on December 11, complaining of back problems and a bad tooth. On sick-call requests of December 13 and December 17, he continued to complain of his back problems. On the December 17 request, however, he also indicated he was having trouble with solid foods because of his facial surgery in July. On each of these sick-call requests, as well as all of the 30 or more that followed in connection with a diversity of complaints, the response by medical authorities was immediate, and in each case they provided some form of treatment.
 
 
 6
 Buckner complained about pain in connection with his facial injuries for the first time on December 19, 1990. He was provided with pain medication and advised to engage in facial exercises. A few days later Buckner was examined, in connection with his facial injury, by Dr. Eric Sohr, who referred him to an oral surgeon, Dr. D. B. Rae. Dr. Rae suggested a mandible labial frenectomy to give Buckner better flexibility with his lower lip. The operation was actually performed on March 13, 1991, and a week later, when Buckner was seen during his post-operative examination, Dr. Rae noted that the surgery "looked great." Buckner apparently agreed, reporting having been "very pleased with the result." Thereafter, on numerous occasions Buckner complained about facial pain and on each occasion was provided with a prescription for pain medicine. To assist Buckner in eating at a slower pace, he was offered a "feed in option," which he refused.
 
 
 7
 Approximately two months later Buckner insisted that he needed a further operation, leading to an administrative complaint and the complaint filed in the district court. In response to his request for further surgery, both Dr. Sohr and Dr. Rae, who are not shown to have had any bias or ill will toward Buckner, gave their opinion that Buckner's facial condition "should not interfere with eating and speaking" and that further "surgery for this problem [was] unnecessary and purely for cosmetic reasons." They nevertheless continued to treat Buckner's pain with medicine and to see him on a regular basis. Buckner's administrative appeal was denied by the Maryland Commissioner of Correction based on the opinion that no"corrective lip surgery is required."
 
 
 8
 Buckner makes no assertion that he was not given prompt treatment, but only that he was denied a further operation on his lip. He disagrees with the opinion of two doctors that further corrective surgery would be only for cosmetic reasons. Regardless of whether there might be another doctor who might agree with Buckner on this point, this is not a record on which a claim for deliberate indifference by the state officials is shown to any degree. While it is indeed unfortunate that Buckner continues to suffer pain and defacement from his automobile accident injuries, under the circumstances presented, we believe that the defendants met their constitutionally-established obligations to Buckner. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). We therefore affirm the judgment of the district court.
 
 AFFIRMED