103 F.3d 120
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene A. STAUCH, III, Plaintiff-Appellant,
v.
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, through the
following employees thereof; P. Douglas Taylor, Warden,
Lieber Correctional Institution, in his official and
personal capacity; Willie Weldon, Unit Manager, Edisto Dorm
(L.C.I.), in his official and personal capacity; Arthur
Jordan, Inmate Relations Coordinator, Edisto Dorm (L.C.I.),
in his official and personal capacity; John Aycock, Doctor,
Regional Medical Director (L.C.I.), in his official and
personal capacity, Defendants-Appellees.
 No. 96-6053.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 21, 1996.
Decided: Dec. 9, 1996.
 
 Orin G. Briggs, Irmo, South Carolina, for Appellant. Sandra J. Senn, STUCKEY & SENN, Charleston, South Carolina, for Appellees Department of Corrections, et al; Andrew F. Lindemann, Ellis, Lawhorne, Davidson & Sims, P.A., Columbia, South Carolina, for Appellee Aycock.
 D.S.C.
 AFFIRMED.
 Before HALL, WILKINS, and HAMILTON, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Eugene Stauch appeals from the district court's order granting summary judgment to the Defendants on his 42 U.S.C. § 1983 (1994) action in which he claimed that the Defendants were deliberately indifferent to his serious medical needs.
 
 
 2
 This court reviews the district court's granting of summary judgment de novo. Farwell v. Un, 902 F.2d 282, 287 (4th Cir.1990). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mattter of law." Fed.R.Civ.P. 56(c). We construe all facts and draw reasonable inferences in the favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). With this standard in mind, we find that the district court properly awarded summary judgment to the Defendants on all of Stauch's claims. First, Stauch's claims that he was denied adequate medical care are belied by his medical records which show that Stauch received more than adequate medical attention for his many ailments. To the extent that Stauch disagreed with the course of treatment prescribed by prison medical personnel, such claims are not actionable under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975).
 
 
 3
 Stauch also claimed that the Defendants were deliberately indifferent to his exposure to environmental tobacco smoke by housing him with a smoking roommate. See Helling v. McKinney, 509 U.S. 25 (1993) (holding that exposure of an inmate to excessive environmental tobacco smoke may constitute violation of Eighth Amendment rights). Our review of the record reveals that, even if Stauch could make out a claim under Helling, the district court properly found that the Defendants were entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800 (1982) (holding that government officials performing discretionary functions generally are shielded from liability where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known).
 
 
 4
 Accordingly, we affirm the district court's order adopting the magistrate judge's recommendation to grant summary judgment in favor of the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.