UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-6053
(CA-94-628-6BD)

Eugene A. Stauch, III,

Plaintiff - Appellant,

versus

South Carolina Department of Corrections,
etc., et al,

Defendants - Appellees.

O R D E R

The Court amends its opinion filed December 9, 1996, as follows:

On page 2, section 2 -- counsel for Appellees is corrected to read "Sandra J. Senn, STUCKEY & SENN, Charleston, South Carolina, for Appellees Department of Corrections, et al; Andrew F. Lindemann, ELLIS, LAWHORNE, DAVIDSON & SIMS, P.A., Columbia, South Carolina, for Appellee Aycock."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EUGENE A. STAUCH, III,
<u>Plaintiff-Appellant,</u>

v.

SOUTH CAROLINA DEPARTMENT OF
CORRECTIONS, through the following
employees thereof; P. DOUGLAS
TAYLOR, Warden, Lieber
Correctional Institution, in his
official and personal capacity;

No. 96-6053

WILLIE WELDON, Unit Manager,
Edisto Dorm (L.C.I.), in his official
and personal capacity; ARTHUR
JORDAN, Inmate Relations
Coordinator, Edisto Dorm (L.C.I.),
in his official and personal capacity;
JOHN AYCOCK, Doctor, Regional
Medical Director (L.C.I.), in his
official and personal capacity,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Charles E. Simons, Jr., Senior District Judge.
(CA-94-628-6BD)

Submitted: November 21, 1996

Decided: December 9, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Orin G. Briggs, Irmo, South Carolina, for Appellant. Sandra J. Senn, STUCKEY & SENN, Charleston, South Carolina, for Appellees Department of Corrections, et al; Andrew F. Lindemann, ELLIS, LAWHORNE, DAVIDSON & SIMS, P.A., Columbia, South Carolina, for Appellee Aycock.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eugene Stauch appeals from the district court's order granting summary judgment to the Defendants on his 42 U.S.C.§ 1983 (1994) action in which he claimed that the Defendants were deliberately indifferent to his serious medical needs.

This court reviews the district court's granting of summary judgment de novo. Farwell v. Un, 902 F.2d 282, 287 (4th Cir. 1990). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mattter of law." Fed. R. Civ. P. 56(c). We construe all facts and draw reasonable inferences in the favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). With this standard in mind, we find that the district court properly awarded summary judgment to the Defendants on all of Stauch's claims. First, Stauch's claims that he was denied adequate medical care are belied by his medical records which show that Stauch received more than adequate medical attention for his many ailments. To the extent that Stauch disagreed with the course of treatment prescribed by prison medical personnel, such

2

claims are not actionable under § 1983. <u>Russell v. Sheffer</u>, 528 F.2d 318 (4th Cir. 1975).

Stauch also claimed that the Defendants were deliberately indifferent to his exposure to environmental tobacco smoke by housing him with a smoking roommate. <u>See Helling v. McKinney</u>, 509 U.S. 25 (1993) (holding that exposure of an inmate to excessive environmental tobacco smoke may constitute violation of Eighth Amendment rights). Our review of the record reveals that, even if Stauch could make out a claim under <u>Helling</u>, the district court properly found that the Defendants were entitled to qualified immunity. <u>See Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982) (holding that government officials performing discretionary functions generally are shielded from liability where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known).

Accordingly, we affirm the district court's order adopting the magistrate judge's recommendation to grant summary judgment in favor of the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3