**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-6449

WILLIAM EUGENE WEBB,

                Plaintiff - Appellant,

          v.

JOE DRIVER, Warden; ACTING WARDEN MARTINEZ; ASSOCIATE WARDEN
ORSOLITS; FOOD SERVICE ADMINISTRATOR GREENWALL; DEBRA
BRADLEY, Supervisor of Education,

                Defendants – Appellees.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
District Judge.  (3:07-cv-00062-JPB-JSK)

Submitted:  September 29, 2008      Decided:  November 24, 2008

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

William Eugene Webb, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Eugene Webb appeals from the district court's order adopting the report and recommendation of the magistrate judge and dismissing his complaint under 28 U.S.C. § 1915A (2006) for failure to state a claim. Webb raised numerous claims challenging his prison conditions. We find that the district court correctly dismissed the majority of his complaint; however, we hold that Webb's claim that prison officials were deliberately indifferent to his serious medical needs regarding his hernia states a claim. Thus, we vacate and remand in part and affirm in part.

We review de novo a district court's dismissal pursuant to § 1915A(b)(1) for failure to state a claim. Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005). Allegations in the complaint are to be liberally construed. De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). To state a claim, factual allegations must be enough to raise a right to relief above the speculative level and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Allegations that a prison's medical care was so deficient as to constitute deliberate indifference to objectively serious medical needs states a constitutional claim.

2

Estelle v. Gamble, 429 U.S. 97, 104 (1976). As a general proposition, a medical need may be deemed objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980). In order to act with deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment.").

Regarding Webb's hernia, this condition can be an objectively serious medical problem. See Johnson v. Doughty, 433 F.3d 1001, 1010 (7th Cir. 2006). Webb alleges that officials were deliberately indifferent to this serious medical problem by failing to schedule his medically necessary hernia surgery. Webb asserted that he was in unbearable pain due to the delay and that his condition had deteriorated. See Sealock v. Colorado, 218 F.3d 1205, 1210 n.5 (10th Cir. 2000) (holding that unnecessarily prolonged pain and suffering can constitute substantial harm).

3

The district court determined that, notwithstanding Webb's allegations of a serious medical need coupled with extreme pain, Webb could not show deliberate indifference because he failed to show that the surgery was medically necessary or that the Defendants' determination that it was not rose to the level of a constitutional violation. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (holding that mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief). However, Webb submitted documentation showing that two surgeons had recommended surgery as far back as 2003, with one surgeon noting that the surgery was "required." In 2004, Webb's then prison doctor recommended elective surgery within six months. Webb alleges that, when he was transferred to Hazelton in June 2004, he informed the medical staff of these recommendations. Instead of scheduling the already-delayed surgery, the prison officials deferred surgery on two occasions, only to grant a high priority surgery a year after Webb was transferred, with no indication why the surgery was now of such an urgent nature. Webb had repeatedly complained of unbearable pain and a deteriorating condition.

We find these allegations sufficient to state a constitutional claim.[*] Accordingly, we vacate the portion of the district court's order dismissing this claim and remand for further proceedings. As to the remainder of Webb's claims, we find no reversible error in the district court's judgment. Accordingly, we affirm for the reasons stated by the district court. Webb v. Driver, No. 3:07-cv-00062-JPB-JSK (N.D. W. Va. Mar. 14, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] In Webb v. Hamidullah, No. 06-7381 (4th Cir. June 6, 2008) (unpublished), we affirmed the district court's grant of summary judgment to Defendants on Webb's claim against officials at a different institution regarding treatment of Webb's hernia condition. However, this prior case, which was decided at the summary judgment stage, is distinguishable from the instant case for two material reasons. First, in our prior opinion, we determined that Webb failed to support his claim of surgical delay with evidence of resultant harm or a worsened condition. Here, at the pleading stage, Webb has alleged that his pain is severe and that his hernia has grown larger due to the alleged delay in surgery. Second, after seeking and obtaining supporting medical opinions, the physician at his prior institution determined that a hernia operation was "elective" surgery--a decision we found did not implicate Webb's Eighth Amendment rights. In this case, Webb alleges that a doctor, examining him several years later while he was housed at Hazelton, deemed surgery medically necessary. We conclude that the material differences between the two cases require a different result.

5

materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>
