**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-7681**

JERRY R. OAKS,

            Plaintiff - Appellant,

      v.

DR. PANE, Doctor, USP Lee County, VA; KAREN LAMBRIGHT,
Health Services Administrator, USP Lee County VA,

            Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Jackson L. Kiser, Senior
District Judge. (7:11-cv-00041-JLK-RSB)

Submitted:  June 22, 2012          Decided:  July 10, 2012

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jerry R. Oaks, Appellant Pro Se.  Sara Bugbee Winn, David Lew,
OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry R. Oaks appeals the district court's order granting judgment against him on his Bivens[1] claims. Oaks' complaint alleged that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. We affirm.

Having reviewed the record, we find the district court correctly determined that Oaks failed to establish a viable claim against either defendant.[2] Specifically, Oaks did not allege facts sufficient to indicate that either defendant actually knew of and intentionally ignored his serious need for medical care. See Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Accordingly, we find no error in the disposition of Oaks' claims and affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The record is ambiguous as to whether Oaks justifiably believed he had exhausted his administrative remedies. Rather than remand for further proceedings, we affirm on the district court's alternative holding.

2