**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-7514**

_____

DANNY RAY BRIDGES,

        Plaintiff - Appellant,

     v.

ALVIN W. KELLER, JR., Secretary of the North Carolina
Department of Correction; ROBERT HAGGARD, R.N.; ALBERT KEITH
KUHNE, MD; PAYTON TURPIN, M.D.; ANTHONY D. SEARLES, M.D.;
PAULA Y. SMITH, M.D., individually and in her capacity as
Director of Health Services for the North Carolina
Department of Correction,

        Defendants – Appellees,

     and

JOHN DOE I, MD; S. KILLEY, LPN; JOHN MORGAN, FNP; JOHN DOE
2,

        Defendants.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge. (1:10-cv-00113-MR-DSC)

_____

Submitted:  February 22, 2013    Decided:  March 29, 2013

_____

Before KING, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David A. Strauss, NORTH CAROLINA PRISONER LEGAL SERVICES, Raleigh, North Carolina, for Appellant. Kimberly D. Grande, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina; Elizabeth P. McCullough, Kelly Street Brown, YOUNG MOORE AND HENDERSON, P.A., Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Ray Bridges appeals the dismissal of his 42 U.S.C. § 1983 (2006) civil rights complaint pursuant to Fed. R. Civ. P. 12(b)(6). He argues on appeal that the district court erred in concluding that he failed to state a claim upon which relief may be granted because his allegations create a triable issue as to whether the prison officials and medical personnel were deliberately indifferent to his serious medical need. Defendants Searles, Kuhne, and Smith respond that Bridges's allegations are insufficient to demonstrate deliberate indifference.[*] We affirm.

Bridges alleged that he suffered from an undiagnosed torn rotator cuff from 2005 until 2010, when he ultimately received corrective surgery and physical therapy. He alleged that throughout this period, prison medical personnel did not perform the appropriate diagnostic tests and that he thus did not receive effective treatment for his condition. Bridges alleged that the ineffective treatment and failure to correctly diagnose his injury constitute deliberate indifference to his severe medical need.

---

[*] Because we conclude that the district court correctly dismissed Bridges's complaint under Rule 12(b)(6), we do not address the Defendants' alternative arguments.

3

We review de novo a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). To survive such a motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). We must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." Philips, 572 F.3d at 180.

In order to state an Eighth Amendment claim for inadequate medical care, a prisoner must allege that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The prisoner must first show that the medical need is sufficiently serious. Next, the plaintiff must show deliberate indifference on the part of treating officials. See, e.g., Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Deliberate indifference is a high standard; a showing of negligence will not suffice. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Instead, officials evince deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care. Estelle, 429 U.S. at 104-05.

4

Disagreement regarding the proper course of treatment provides no basis for relief.  Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

We conclude that Bridges's complaint failed to state a claim for a violation of the Eighth Amendment.  His allegations demonstrated that prison officials were promptly responsive to his complaints and regularly administered treatment.  That they ultimately failed to correctly diagnose his injury does not render their responses deliberately indifferent.  Further, the defendants did not have actual knowledge of the precise nature of Bridges's injury.  Thus, their treatment efforts, including pain medication, an x-ray, and steroid injections, do not constitute deliberate indifference.  We further conclude that because Bridges failed to state a claim for a constitutional violation, he also failed to state a claim for supervisory liability or unconstitutional policy administration.

We thus affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED