**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-6293**

———————————

WILLIE J. JACKSON,

            Plaintiff – Appellant,

      v.

DOCTOR DONALD SAMPSON; DOCTOR  STEEN; WARDEN STEVENSON,

            Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Terry L. Wooten, Chief District
Judge.  (6:12-cv-00231-TLW)

———————————

Submitted:  July 16, 2013            Decided:  July 30, 2013

———————————

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Willie J. Jackson, Appellant Pro Se.  Tracy S. Dubey, James E.
Parham, Jr., JAMES  E.  PARHAM  JR.  LAW  OFFICE, Irmo, South
Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Jackson, a South Carolina inmate, appeals the district court order granting summary judgment in favor of Defendants on Jackson's 42 U.S.C. § 1983 (2006) action. Jackson alleged that Defendants—medical staff and the warden of the correctional institution where he is housed—were deliberately indifferent to his serious medical needs and violated equal protection by delaying and ultimately denying requested treatment for his diagnosed disease. For the reasons that follow, we affirm.

On appeal, Jackson primarily asserts that the district court erred in granting summary judgment on his deliberate indifference claim. He alleges that the court improperly applied the summary judgment standard and failed to recognize genuine issues of material fact regarding Defendants' knowing denial of treatment and failure to follow institutional policies mandating additional treatment.

We review de novo a district court's grant of summary judgment, viewing the facts and drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

2

56(a).  When a motion for summary judgment is properly made and supported, the non-moving party may not rely merely on allegations but must respond with competent evidence showing a genuine issue for trial.  See Fed. R. Civ. P. 56(c); Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002).  "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case."  Thompson, 312 F.3d at 649 (internal quotation marks omitted).

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to a prisoner's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To establish deliberate indifference, an inmate must allege both that he experienced a deprivation that was "objectively sufficiently serious" and "that subjectively the officials acted with a sufficiently culpable state of mind."  De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks, alteration, and emphasis omitted).  Negligence or medical malpractice will not establish a sufficiently culpable state of mind.  Id. at 634; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).  Instead, a constitutional violation does not occur unless the medical provider's actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v.

3

Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid Eighth Amendment claim. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Viewed in the light most favorable to Jackson, the record creates no genuine issue of material fact to support his deliberate indifference claim. There is simply no evidence in the record that Jackson was denied necessary treatment or that any delay in treatment was the result of deliberate indifference by Defendants. See Estelle, 429 U.S. at 105-06 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"). Jackson's dispute with Defendants' decision not to authorize the particular treatment program he requested, and the subsequent course of monitoring he received, amounts to a disagreement with his course of treatment that is not cognizable under the Eighth Amendment. Moreover, prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation. See Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). Therefore, any failure by prison officials

4

to follow internal correctional policies is insufficient, without more, to support Jackson's claim.

Jackson also argues that the court erred in granting summary judgment on his equal protection claim, as an affidavit Jackson provided to the court was sufficient to support his claim that he was treated differently from similarly situated prisoners. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). We conclude that the affidavit upon which Jackson relies was insufficient to support a finding that he was denied treatment from others similarly situated or that any difference in treatment was due to purposeful discrimination by Defendants.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5