14 F.3d 595
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luis R. MORALES, Plaintiff-Appellant,
v.
George HARDEN, Sergeant, Defendant-Appellee,
and
Larry W. Huffman; Kurt Fox, M.D.; Dr. Henceroth; Robert
Fry, Dr.; Major Armentrout; W.P. Rogers; E.C.
Morris; Edward W. Murray, Defendants.
 No. 91-6325.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 11, 1993.
Decided Dec. 20, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 Luis R. Morales, appellant pro se.
 Robert Harkness Herring, Jr., Asst. Atty. Gen., for appellees.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Luis R. Morales appeals from the district court's orders and final judgment denying relief under 42 U.S.C. Sec. 1983 (1988). The district court granted summary judgment to eight of nine Defendants in two separate orders, and entered judgment for the remaining Defendant after a trial by jury. Our review of the record and the district court's decisions discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Morales v. Harden, No. CA-88-661-R (W.D. Va. Sept. 5 & Oct. 8, 1991). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We affirm the jury verdict for Defendant Harden, because that verdict was reasonable in light of the conflicting evidence presented, and involved a credibility determination which is largely unreviewable. Duke v. Uniroyal Inc., 928 F.2d 1413, 1417 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991); Tights, Inc. v. Acme-McCrary Corp., 541 F.2d 1047, 1055 (4th Cir.), cert. denied, 429 U.S. 980 (1976). The deliberate indifference claims against the three physicians who treated Morales were appropriately dismissed on summary judgment for lack of a material factual dispute. Nothing more than negligence or malpractice was alleged or shown, and such conduct does not state a claim under Sec. 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); see also Russell v. Sheffer, 528 F.2d 318 (4th Cir.1975) (disagreements over course of treatment not actionable). The claims against the remaining Defendants, all correctional officials, were also appropriately dismissed on summary judgment. Those officials were not involved with medical decisions regarding Morales and thus cannot be held liable for any inadequate medical treatment he may have received. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977). Similarly, they were not shown to be deliberately indifferent to claims that Harden was abusing prisoners, as would be required to show an Eighth Amendment violation on failure to protect grounds. See Pressly v. Hutto, 816 F.2d 977 (4th Cir.1987). The appellate record in fact reveals that prison officials conducted at least two internal investigations of administrative complaints concerning Harden and others, and found those complaints to be unsubstantiated