59 F.3d 167
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Michael LYNN SNIDER, Plaintiff-Appellant,
v.
Marc HUGHES, Superintendent; Wade Hatley, Assistant
Superintendent; Mark Ball, Lieutenant; Keith Rice,
Sergeant; Steve Cooke, Officer; Dennis Langley, Officer;
Larry Higgins, Officer; Gary Eller, Medical Staff; Martha
Hill, Unit Nurse, Defendants-Appellees.
 No. 95-6052.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 25, 1995.
Decided June 27, 1995.
 
 Michael Lynn Snider, Appellant Pro Se.
 Before NIEMEYER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Lynn Snider appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 (1988) complaint as frivolous. For the reasons that follow, we affirm.
 
 
 2
 * Snider, a North Carolina inmate, alleged in his complaint that he was subjected to an anal cavity search by the Defendants who believed that Snider was attempting to conceal money or drugs. Snider alleged that he was taken from his cell, placed under observation, and given a period of 180 minutes within which to defecate into a basin. When he failed to do so, the Defendants brought Snider to the medical unit where medical staff conducted an anal cavity search. No contraband was found.
 
 
 3
 Snider filed this 42 U.S.C. Sec. 1983 complaint alleging various constitutional violations arising out of this search. Specifically, Snider alleged that the search violated the Fourth Amendment, the Eighth Amendment, and the Due Process Clause. Snider also alleged that the Defendants were deliberately indifferent to his serious medical needs by failing to provide him psychological counselling and by delaying medical treatment for rectal bleeding. The district court dismissed Snider's complaint as frivolous under 28 U.S.C. Sec. 1915(d) (1988), and Snider timely appealed the rulings on the legality of the search and Defendants' failure to provide him psychological counselling.
 
 II
 
 4
 We review cases dismissed as frivolous under Sec. 1915(d) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). A dismissal under Sec. 1915(d) is appropriate where the claims are factually frivolous or are based on an indisputably meritless legal theory. Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994) (citing Neitzke v. Williams, 490 U.S. 319, 325-27 (1989)), cert. denied, 63 U.S.L.W. 3690 (U.S.1995). An abuse of the district court's discretion may occur where the court fails or refuses to exercise its discretion or where the court's exercise of discretion is flawed by an erroneous legal premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3722 (U.S.1994).
 
 
 5
 We find that the district court did not abuse its discretion in dismissing Snider's claims that the search itself violated the Fourth Amendment, the Eighth Amendment, or the Due Process Clause. Body cavity searches of inmates are often necessary and are not violative of the Fourth or Eighth Amendments if reasonable and not motivated by a punitive intent. Bell v. Wolfish, 441 U.S. 520, 558-61 (1979). By Snider's own admission, the Defendants suspected he was carrying contraband, they allowed him a lengthy period of time to defecate, and when he could not, the search was conducted by trained medical personnel. We find the Defendants' actions to be reasonable and nonpunitive. Moreover, Snider could not succeed under a due process theory. Snider's federal constitutional right not to be searched is specifically protected by the Fourth Amendment, and he failed to allege the existence of a state-created liberty interest. Hence, Snider's claims concerning the search itself were based on indisputably meritless legal theories.
 
 
 6
 We similarly find that the district court did not abuse its discretion in dismissing Snider's claim that the Defendants denied him psychological counselling after the search. While deliberate indifference to the serious psychological conditions of prisoners states a claim under Sec. 1983, see Gordon v. Kidd, 971 F.2d 1087, 1094 (4th Cir.1992), Snider failed to allege deliberate indifference or any reason to believe that his need for counselling was medically serious. Snider's allegation amounts, at most, to a disagreement over whether he needed the desired treatment, which does not state a claim under Sec. 1983. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975).
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 AFFIRMED