Willie WESTER, Appellant,

v.

David L. JONES, C. T. Gaudle, Randy Garris, Kelly Future, Dr. Robertson, all sued Individually and in their official capacity, Appellees.

No. 76–2198.

United States Court of Appeals, Fourth Circuit.

Argued March 18, 1977.

Decided May 19, 1977.

Thomas W. Meiklejohn, Third Year Law Student (Ralph S. Spritzer, Philadelphia, Pa., on brief), for appellant.

Jacob L. Safron, Sp. Deputy Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen., North Carolina, Raleigh, N. C., on brief), for appellees.

Before WINTER and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

Willie Wester, a North Carolina prisoner, appeals the summary judgment of the district court dismissing his claim against the prison authorities for failure to provide prompt and adequate medical care in violation of the eighth and fourteenth amendments. He contends the district court erred in granting summary judgment because there was a genuine issue of material fact. We affirm the judgment.

When Wester was given a physical examination upon his imprisonment, he related that he had injured his left eye in childhood. The examiner classified his vision in this eye as 20/200. The following year, Wester complained several times during a three month period of pain and further loss of vision in his left eye. Wester contends that the prison doctor, a general practitioner, cursorily examined him after his initial complaint and never reexamined him despite his later complaints. The doctor, however, claims that he examined Wester several times and never diagnosed a medical problem with his eye.

After Wester filed his complaint in the district court, the doctor arranged for consultation with an eye specialist. The specialist found that Wester's vision in his left eye had deteriorated to 20/400 and that he suffered from a detached retina and iritis. After this diagnosis, Wester received adequate treatment, but his vision could not be restored.

In *Estelle v. Gamble,* 429 U.S. 97, 104–105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that deliberate indifference to serious medical needs of prisoners constitutes unnecessary infliction of pain proscribed by the eighth amendment. Measured by this standard, Wester's allegations do not state a constitutional claim. It is undisputed that the doctor examined Wester and found no medical problem. Wester's continued complaints about the same symptoms did not persuade him to change this diagnosis on subsequent occasions. Even if the doctor were negligent in examining Wester and in making an incorrect diagnosis, his failure to exercise sound professional judgment would not constitute deliberate indifference to serious medical needs. Consequently, Wester's own version of the facts do not support his claim for violation of the eighth amendment. We therefore conclude that the district court properly granted summary judgment in favor of the prison authorities.

*Affirmed.*

WINTER, Circuit Judge, dissenting:

I respectfully dissent. While I recognize that the decision here is governed by *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), I think that a proper application of that rule to this case requires reversal and remand for trial.

The district court granted summary judgment for defendants. It could do so properly only if there was "no genuine issue as to any material fact and that the moving par-

ty is entitled to judgment as a matter of law." Rule 56(c), F.R.Civ.P.

It is not disputed that plaintiff had an injury to his left eye, dating from childhood, when he was received at the institution. It is not disputed that, after his initial complaint, his left eye was examined by the prison doctor, a general practitioner. While plaintiff complains about the quality of the examination and the competence of the prison doctor, I would be inclined to agree that under *Estelle* these complaints, if true, would amount to no more than a claim of medical malpractice under state law and do not state a valid claim of medical mistreatment under the Eighth Amendment.

But plaintiff, by affidavit, asserts more. He claims that in April and May of 1975, he saw the prison doctor a number of times with respect to his continued claims of pain and fading vision. On the next visit after the initial one, he swears that the prison doctor said there was nothing wrong with him "*without even an examination.*" (App. 17.) He says further that he saw the prison doctor "during April and May, at which times he received the type of treatment described above." (App. 17.) A later summary statement is that he was not examined by an eye specialist until he had "suffered through almost three full months of pain and fading vision [and] after three months of receiving no medical treatment. . . ." (App. 18.) It is not disputed that plaintiff did not see an eye specialist until after he filed this § 1983 action; and when examined, he was found to be suffering from serious eye disease.

While it is true that the prison doctor disputes that he conducted no examinations but for the first, his controverting affidavits provide no basis for entering *summary* judgment against plaintiff. Rule 56. Summary judgment against plaintiff could properly be entered only if his affidavit were insufficient to set forth a cause of action. Affording it the liberality to which a *pro se* pleading is entitled, I read it to assert that, but for his initial complaint, plaintiff was afforded no examination despite repeated complaints of pain and fading vision.

*Estelle* is specific:

We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," *Gregg v. Georgia, supra* [428 U.S. 153], at 173, [96 S.Ct. 2909, at 2925, 49 L.Ed.2d 859], proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. (Footnotes eliminated.) (pp. 104–105, 97 S.Ct. p. 291.)

A refusal to conduct another medical examination of a prisoner who has a known preexisting injury despite his repeated complaints of pain and fading vision is, in my view, the deliberate indifference which *Estelle* holds is in violation of the eighth amendment. I think that entry of summary judgment for defendants was improper. I would reverse and remand for an evidentiary determination of plaintiff's claims.