**Quincy WEST, Appellant,**

v.

**Samuel ATKINS; Rae McNamara; James B. Hunt, Appellees.**

**No. 85–6483.**

United States Court of Appeals, Fourth Circuit.

Argued April 11, 1986.

Decided Sept. 3, 1986.

Richard E. Giroux, North Carolina Legal Services, Inc., Raleigh, N.C., for appellant.

Jacob L. Safron, Sp. Deputy Atty. Gen. (Lacy H. Thornburg, Atty. Gen., Raleigh, N.C., on brief) for appellees.

Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge.

Presented by a North Carolina prisoner, Quincy West, with a claim under 42 U.S.C. § 1983 that he was deliberately denied adequate medical help by a physician under contract with the state to provide orthopedic care to prisoners, we find it premature to grant summary judgment simply on the grounds that *Calvert v. Sharp,* 748 F.2d 861 (4th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 2667, 86 L.Ed.2d 283 (1985), bars recovery because a private doctor under contract with the state could not be

engaged in state action. "The professional obligations and functions of a private physician establish that such a physician does not act under color of state law when providing medical services to an inmate." *Id.* at 863.

The common law distinction between employee and independent contractor, while not wholly irrelevant, since some of the differences between those two statutes bear on the constitutional issue presented, nevertheless, for common law purposes had different objectives. Whether Dr. Samuel Atkins was or was not a state employee for common law purposes simply does not indisputably settle the question of whether what he did amounted to state action.

To clear the decks and concentrate on the claim against Atkins, we affirm the grant of summary judgment in favor of James B. Hunt, Jr., the then Governor of North Carolina, the doctrine of *respondeat superior* having no application in § 1983 actions. *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir.1977). Rae McNamara, the Director of the prison system, on the other hand, according to the record before us, is shown to have received two complaining letters from West and to have conducted at least a cursory investigation. Any cause of action which may successfully be made out against her, therefore, stands on a basis of liability for her own acts. Consequently, if Atkins might be liable, grounds for requiring her to respond might also exist.

West was injured while playing basketball on July 30, 1983. The Achilles tendon on his left leg was torn. Atkins examined West and concluded that he should schedule surgery, but that he first wanted to see if the tendon would grow back together. Atkins placed West's leg in a series of casts and eventually West received medication for the pain. During September and October 1983 the leg remained swollen and pained West, but prison officials sanctioned West for refusing to work. West has alleged repeated, but frustrated, attempts to have proper attention paid to his torn Ac-

hilles tendon. He has allegedly gone without surgery to the present time.

West's action under § 1983 claiming a denial of his right to be free from cruel and unusual punishment followed.

To recover West must overcome two hurdles. He must establish a) that Atkins acted "under the color of state law" and b) that Atkins' course of conduct in attending West's injury showed deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). The second of those two hurdles has not been addressed in the district court, and there should be a remand for decision as to it.

While there may or may not be grounds for distinguishing *Calvert v. Sharp*, we perceive no need to rush to address that potentially troubling issue. Should it be determined, on remand, that the record does not permit a finding of deliberate indifference to a serious medical need, the case will be disposed of adversely to West, without the need for discussing the applicability *vel non* of *Calvert v. Sharp*.

Should the district court determine that there is evidence permitting an inference of deliberate indifference to a serious medical need, it will be time enough for that court, in the first instance, and then, in all probability, for us to address the question of whether action under color of state law could, on the record, be found to exist, bearing in mind that all inferences, on a summary judgment motion, are to be drawn in favor of the party opposed thereto.[1]

Accordingly, the grant of summary judgment in favor of James B. Hunt, Jr. is affirmed. The grants of summary judgment to Atkins and McNamara are vacated, and the case remanded to the district court for disposition in a manner consistent with this opinion.

AFFIRMED IN PART; REMANDED IN PART.

---

1. *Calvert v. Sharp* was careful to point out the fact-bound nature of the inquiry as to whether the defendant's action has been under color of state law. *Id.* at 862.