808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Benjamin H. JONES, Plaintiff-Appellant,
v.
Levester THOMPSON; Carol Green, Defendants-Appellees.
 No. 86-7669.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1986.
Decided Dec. 12, 1986.
 
 Before PHILLIPS, ERVIN and WILKINS, Circuit Judges.
 Benjamin H. Jones, appellant pro se.
 PER CURIAM:
 
 
 1
 Benjamin Jones, an inmate at the Wise County jail, appeals the district court's dismissal of his Sec. 1983 claim. Jones asserts that the defendants, Dr. Levester Thompson and Carol Green, libeled and slandered him. Jones alleges that Green, a reporter, slandered and libeled him when she referred to him as a murderer in a newspaper article. Jones also alleges that Dr. Thompson slandered him by "spreading the word" that Jones had syphilis. Jones appears to contend that Dr. Thompson's action constitutes malpractice in that Thompson made a diagnosis without first examining Jones. The complaint asks for punitive and compensatory damages. The district court determined that it lacked jurisdiction to hear the cause of action and therefore dismissed the case. We affirm.
 
 
 2
 In order to bring an action under 42 U.S.C. Sec. 1983, a plaintiff must establish that 1) there was a deprivation of a right secured by the Constitution or other law of the United States; 2) the deprivation was done by a "person"; and 3) the person was acting under color of state law. In this case our concern is focused on the first and third requirements.
 
 
 3
 "A person acts under color of state law 'only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " Calvert v. Sharp, 748 F.2d 861, 862 (4th Cir.1984) (quoting Polk County v. Dodson, 454 U.S. 312, 315 (1981)), cert. denied, --- U.S. ----, 53 U.S.L.W. 3838 (May 28, 1985). This definition clearly excludes Green from liability. Her actions were in no way intertwined with those of the state. However, it is unclear whether Dr. Thompson was acting under color of state law. In Sec. 1983 claims involving doctors, it is necessary to determine whether the doctor is merely acting as a private specialist or whether he is employed by the state in a capacity which aligns his actions with the mission of the state. See Calvert, supra. This question is not answered by the facts currently before us.
 
 
 4
 However, even if Jones could establish that Thompson was acting under color of state law, he would not be able to recover. The allegations of slander do not rise to the level of a constitutional violation. Cf. Baker v. McCollan, 433 U.S. 137, 146 (1979) (false imprisonment not a constitutional violation). It is unclear whether Jones is further alleging malpractice on the part of Dr. Thompson. If so, in order for Jones to recover he must establish that Dr. Thompson's conduct demonstrated deliberate indifference to a serious medical condition. See Estelle v. Gamble, 429 U.S. 97 (1976); West v. Atkins, 799 F.2d 923 (4th Cir.1986). Neither malpractice nor negligent diagnosis is sufficient to state a federal cause of action. Estelle, 429 U.S. at 106; Wester v. Jones, 554 F.2d 1285 (4th Cir.1977).
 
 
 5
 For the aforementioned reasons, Jones failed to state a cause of action reviewable under Sec. 1983. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.