Kevin HUFF, Plaintiff,

v.

**PRIME CARE MEDICAL, medical/staff provider, Eastern Regional Jail, in their individual and official capacity, Defendants.**

### No. CIV.A.3:98CV79.

United States District Court,
N.D. West Virginia,
Martinsburg.

Feb. 1, 2000.

Kevin Wayne Huff, Martinsburg, WV, plaintiff, pro se.

Jerry Detrick, Administrator, Eastern Regional Jail, Martinsburg, WV, Chad M. Cardinal, WV Regional Jail & Correctional Facility Authority, Charleston, WV, for Jerry Detrick, Jim Doe, Ann Stanley, Angie Doe, respondents.

Michele Grinberg, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Prime Care Medical, respondent.

## MEMORANDUM OPINION AND ORDER

BROADWATER, District Judge.

On this day, the above styled matter came before the Court for consideration of the defendants' motion for summary judgment (Document No. 14). After reviewing the memorandum of law supporting the motion, the Court finds that it should be granted.

## I. PROCEDURAL BACKGROUND

On November 23, 1998, the plaintiff filed his complaint naming, *inter alia*, Jerry Detrick, administrator of the Eastern Regional Jail (ERJ) and Prime Care Medical (Prime Care) as defendants. Accompanying the complaint, the plaintiff filed a motion to proceed *in forma pauperis*, and a motion for appointment of counsel.

On February 1, 1999, the Court granted the motion to proceed *in forma pauperis* and directed the Clerk to serve a copy of the complaint upon the Attorney General and Prime Care. Further, the Court directed the defendants to respond to the complaint within thirty days.

On March 1, 1999, the Attorney General filed a motion to dismiss. On March 9, 1999, the plaintiff filed a motion for default judgment.

On March 11, 1999, the Court directed the plaintiff to file any opposition to the defendant's motion to dismiss within thirty days. On March 30, 1999, the plaintiff responded to the Attorney General's motion.

On April 19, 1999, the Court conducted a telephonic status conference wherein it granted the Attorney General's motion to dismiss. Also, the Court directed Prime Care to answer or otherwise lead to the plaintiff's complaint within thirty days.

On June 7, 1999, Prime Care filed the instant motion for summary judgment. On July 9, 1999, the Court conducted a status conference in the matter. The Court notes that the plaintiff had been released from custody and appeared before the Court in person. The Court denied the plaintiff's request for appointment of counsel. Also, the Court directed the plaintiff to respond to Prime Care's motion for summary judgment within thirty days of the hearing. At this time, the plaintiff has filed no response to the defendant's motion.

## II. FACTS

The events of this case arise due to a laceration on the plaintiff's finger which he suffered at or before the time of his arrest. On November 26, 1996, the plaintiff was received at ERJ with a cut on his right middle finger. Initially, the plaintiff re-

fused treatment for the wound. The next day, medical personnel examined the plaintiff's finger which had become swollen and red. The plaintiff was then taken from ERJ to City Hospital's emergency room where his finger was treated by hospital staff. Apparently, the cut on the plaintiff's finger had become severely infected and required extensive treatment. On November 28, 1996, the plaintiff underwent surgery and was subsequently returned to ERJ.

Plaintiff's medical records indicate that he was seen by the medical department for his complaints and received appropriate treatment. However, the plaintiff repeatedly refused treatment as prescribed by his physician, because he believed the treatment was inadequate.

Plaintiff alleges that he was forced to suffer from extreme pain due to the infection which resulted from the laceration on his finger. Further, plaintiff alleges that he has been forced to suffer continuous physical and mental anguish because he has to daily see a permanent scar on his hand resulting form the negligence of Prime Care staff.

### III. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, as the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.*, Rule 56 itself "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." 477 U.S. 242,

256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. *See also Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979) (holding that "summary judgment 'should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.' ") (citing *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950)).

In *Celotex*, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. *Oksanen v. Page Memorial Hosp.*, 912 F.2d 73, 78 (4th Cir.1990), *superseded on rehearing*, 945 F.2d 696 (4th Cir.1991). Additionally, "[o]n summary judgment the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

### IV. DISCUSSION OF LAW

The Eighth Amendment prohibits cruel and unusual punishment. A convicted prisoner is "entitled to protection only against punishment that is 'cruel and unusual.' " *Martin v. Gentile*, 849 F.2d 863, 870–871 (4th Cir.1988). "To establish that a health care provider's actions constitute deliberate indifference to a serious

medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990); *Norris v. Detrick*, 918 F.Supp. 977, 984 (N.D.W.Va.1996), *aff'd*, 108 F.3d 1373 (4th Cir.1997). Deliberate indifference to a prisoner's serious medical needs can constitute deliberate indifference and give rise to a civil rights action under 42 U.S.C. § 1983. *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978), *cert. denied*, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980).

■▌ Before a health care provider may be held liable for deliberate indifference, plaintiff must show that his medical needs were serious and that the defendants were deliberately indifferent to those serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Further, only when prison officials and medical personnel know that the inmate faces a substantial risk of serious harm and then disregard that risk by failing to take reasonable measures can they be held liable for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ The deliberate indifference standard requires plaintiff to show that the providers had a "culpable state of mind . . . ., only the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment . . . (citations omitted) a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs . . . 'It is *only* such indifference' that can violate the Eighth Amendment . . . .allegations of 'inadvertent failure to provide adequate medical care'(citation omitted) or of a 'negligent . . . diagnos[is]' . . . simply fail to establish the requisite culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

■ Mere negligence is insufficient to state a federal constitutional claim. *See e.g., Wilson*, 501 U.S. at 305, 111 S.Ct.

2321 (Negligence, clearly, is inadequate to support and eighth amendment claim.); *Gordon v. Kidd*, 971 F.2d 1087, 1095 (4th Cir.1992); *Miltier*, 896 F.2d at 851–52; *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Only "the unnecessary and wanton infliction of pain" can constitute an Eighth Amendment violation. *Estelle*, 429 U.S. at 102–3, 97 S.Ct. 285.

In *Russell v. Sheffer*, 528 F.2d 318 (4th Cir.1975), the Fourth Circuit affirmed the district court's grant of summary judgment for the defendants and explained the standard to be met to state an Eighth Amendment claim as follows: "Prisoners are entitled to reasonable medical care [citations omitted]. However, mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983 [citation omitted]." The Fourth Circuit in *Russell* was not willing to interfere with the medical judgment of a state penal facility. Questions of medical judgment do not readily lend themselves to judicial review. *See e.g., Estelle*, 429 U.S. at 106, 97 S.Ct. 285; *Calvert v. Hun*, 798 F.Supp. 1226, 1234 (N.D.W.Va.1992); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir.1977).

■ In this case, the plaintiff initially refused treatment. The next day, he was transported to City Hospital where he received appropriate treatment. The plaintiff's medical records reveal that when needed he was seen and treated by a medical provider except when he refused.

## V. CONCLUSION

Based upon the foregoing, the Court finds that the plaintiff's complaint fails to state a claim against Prime Care as a matter of law.

It is, therefore, **ORDERED:**

1. That Prime Care's motion for summary judgment (Document No. 14) be **GRANTED;**

2. That, there being nothing further for the Court to consider, the actions be **DISMISSED** and stricken from the active docket of the Court;

3. That the plaintiff, acting as his own counsel, *pro se*, is hereby notified that any notice of appeal must be filed with the Court Clerk within thirty (30)days after entry of this Order.