Christopher S. MILLER, Plaintiff,

v.

PRIMECARE MEDICAL AS, Nurse Jane Doe & Dr. Hoffman, Defendants.

No. CIV. A. 3:98–CV–83.

United States District Court, N.D. West Virginia, Martinsburg Division.

March 20, 2000.

Christopher Shawn Miller, Keyser, WV, pro se.

Michele Grinberg, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Prime-Care Medical AS.

## MEMORANDUM OPINION AND ORDER

BROADWATER, District Judge.

On this day, the above styled matter came before the Court for consideration of

the defendants' motion for summary judgment (Document No. 15). After considering the defendant's memorandum of law, the Court finds that the motion should be granted.

## I. PROCEDURAL BACKGROUND

On December 9, 1998, the plaintiff brought this action in the form of a civil rights complaint. On February 9, 1999, the Court granted the plaintiff's application for leave to proceed without pre-payment of fees and ordered the Clerk to serve the Attorney General with a copy of the complaint. On August 9, 1999, the Court granted the State of West Virginia's motion to dismiss. On August 30, 1999, the matter came before the Court for a status conference. Defendant PrimeCare Medical was present by counsel, and plaintiff failed to appear. On August 31, 1999, the Court issued an order directing the plaintiff to respond to the defendant's pleading and advised him of the consequences associated with failing to respond. As of this date, the plaintiff has failed to respond to the defendant's dispositive motions.

## II. FACTS

The plaintiff's complaint originates from an alleged injury received while incarcerated at the Eastern Regional Jail (ERJ) in Martinsburg, Berkeley County, West Virginia. The plaintiff alleges that on or about October 7, 1998, he was stepped on by another inmate. This incident took place as the plaintiff was sleeping on the floor and the other inmate was climbing out of a top bunk.

The plaintiff alleged that the medical staff at ERJ took x-rays of his back. Also, plaintiff alleges that the x-rays revealed a condition. The plaintiff asserts that medical attention offered by PrimeCare was less than adequate.

## III. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, as the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.*, Rule 56 itself "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. *See also Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979) (holding that "summary judgment 'should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.'") (citing *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950)).

In *Celotex*, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. *Oksanen v. Page Memorial Hosp.*, 912 F.2d 73, 78 (4th Cir.1990), *superseded on rehearing*, 945 F.2d 696 (4th Cir.1991). Additionally, "[o]n summary judgment the

inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

## IV. DISCUSSION OF LAW

The Eighth Amendment prohibits cruel and unusual punishment. A convicted prisoner is "entitled to protection only against punishment that is 'cruel and unusual.'" *Martin v. Gentile*, 849 F.2d 863, 870–871 (4th Cir.1988). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990); *Norris v. Detrick*, 918 F.Supp. 977, 984 (N.D.W.Va.1996), *aff'd*, 108 F.3d 1373 (4th Cir.1997). Deliberate indifference to a prisoner's serious medical needs can constitute deliberate indifference and give rise to a civil rights action under 42 U.S.C. § 1983. *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978), *cert. denied*, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980).

Before a health care provider may be held liable for deliberate indifference, plaintiff must show that his medical needs were serious and that the defendants were deliberately indifferent to those serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Further, only when prison officials and medical personnel know that the inmate faces a substantial risk of serious harm and then disregard that risk by failing to take reasonable measures can they be held liable for deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The deliberate indifference standard requires plaintiff to show that the providers had a "culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "[O]nly the 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment." *Id.* at 297, 111 S.Ct. 2321 (citations omitted). "[A] prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs." *Id.* at 297, 111 S.Ct. 2321 (citations omitted). "'It is only such indifference' that can violate the Eighth Amendment." *Id.* at 297, 111 S.Ct. 2321 (citations omitted). "[A]llegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent ... diagnos[is],' simply fail to establish the requisite culpable state of mind." *Id.* at 297, 111 S.Ct. 2321 (citations omitted).

Mere negligence is insufficient to state a federal constitutional claim. *See e.g., Wilson*, 501 U.S. at 305, 111 S.Ct. 2321 (Negligence, clearly, is inadequate to support an Eighth Amendment claim.); *Gordon v. Kidd*, 971 F.2d 1087, 1095 (4th Cir.1992); *Miltier*, 896 F.2d at 851–52; *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Only "the unnecessary and wanton infliction of pain" can constitute an Eighth Amendment violation. *Estelle*, 429 U.S. at 102–3, 97 S.Ct. 285.

In *Russell v. Sheffer*, 528 F.2d 318 (4th Cir.1975), the Fourth Circuit affirmed the district court's grant of summary judgment for the defendants and explained the standard to be met to state an Eighth Amendment claim as follows: "Prisoners are entitled to reasonable medical care [citations omitted]. However, mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983 [citation omitted]." The Fourth Circuit in *Russell* was not willing to interfere with the medical judgment of a state penal facility. Questions of medical judgment do not readily lend themselves to judicial review. *See e.g., Estelle*, 429 U.S. at 106, 97 S.Ct. 285; *Calvert v. Hun*, 798 F.Supp. 1226, 1234 (N.D.W.Va.1992); *Wright v. Collins*, 766

F.2d 841, 849 (4th Cir.1985); *Wester v. Jones,* 554 F.2d 1285 (4th Cir.1977).

■ In this case, the medical care provided the plaintiff does not violate the Eighth Amendment. From October 3, 1998 to December 14, 1998, the plaintiff's health concerns were addressed on numerous occasions. The Court notes that on at least three occasions, the plaintiff refused treatment by PrimeCare staff. Furthermore, X-rays of the plaintiff's lumbar spine taken on November 5, 1998 and of his Thoracic spine taken on November 25, 1998 show no injury. Also, the Court notes that the plaintiff, after being released from custody, has failed to respond to the defendants' motion for summary judgment.

## V. CONCLUSION

The Court finds that there exists no genuine issue of material fact for determination by a jury. Likewise, the Court finds that judgment as a matter of law should be entered on behalf of the defendants in this action.

It is, therefore, **ORDERED:**

1. That the defendants' motion for summary judgment (Document No. 15) be **GRANTED;**

2. That any other matters pending before the Court be **DENIED** as being moot;

3. That, there being nothing further for the Court to consider, the matter be **CLOSED** and stricken from the active docket of the Court;

4. That the plaintiff, acting as his own counsel, *pro se,* is hereby notified that any notice of appeal must be filed with the Court Clerk within thirty (30) days after entry of this Order.